Tilghman C. J.
The plaintiff, who claimed under a sheriff’s sale, offered in evidence a deed from sheriff M'-Gaughey, dated 17th April, 1790, acknowledged by sheriff Bonnet, 30th June, 1797. The evidence was objected to by the U.. ndant, and rejected by the Court of Common Pleas of Bedford county. This is now assigned for error. The sale of lands by the sheriff, and conveyance of title to the purchaser, is founded upon act of assembly, and not upon the common law. The form prescribed by our act of assembly, made in the year 1705, must therefore be pursued. The sheriff is directed to give to the purchaser a deed, “ duly exe- “ cuted and acknowledged in Court.” The acknowledgment *55 cannot be dispensed with, and can be made no where but in Court. This provision was necessary, in order to enable the Court to exercise their authority over the sale. Irregularities often take place, which would occasion great inconvenience, if not corrected in a summary way. It is often necessary to set the sale aside, and order a new one. Where there is cause of complaint the party injured makes his application to the Court before the deed is acknowledged, and. the acknowledgment is then suspended until the matter is decided. The deed in question was made by one sheriff and acknowledged by another. It seems extraordinary, that one man should acknowledge a deed which was executed by another, and of the execution of which .he could have no certain knowledge. The plaintiff contends, that it may be supported by the act of 23d March, 1764. This act directs, that When any sheriff, who has taken lands in execution and sold them, shall die or be removed from office before any deed executed for the same by him to the purchaser, the plaintiff or purchaser may apply to the Court in which the judgment was obtained, and set forth the case to the said Court, with the reason why the title was not perfected by the former sheriff, and thereupon, the Court may order the sheriff for the time being, to perfect the title and execute a deed to the purchaser, and upon such order obtained and entered on the records of the said Court, it shall be lawful for the sheriff to make, execute, deliver, and acknowledge a deed, &c. Now in the first place, this act does not seem properly to apply to the case of a deed which has been executed, nor do I see any objection to the acknowledgment, by one who has been sheriff, of a deed which he had executed while in office. Indeed I know it is avery common practice for sheriffs to acknowledge deeds executed by them while in office. But even supposing, that by the equity of the act a deed not acknowledged might be considered as not executed, the proper way would be to apply for an order to have a new deed executed and acknowledged by the sheriff for the time being: and this would prevent the impropriety of the sheriff’s acknowledging an act which was not his own. But there is another insuperable Objection to the acknowledgment. The act of assembly directs, that the Court shall make an order which is to be entered of record, and until this is done there is no authority for the sheriff to act. Now in this case no record of an order *56 was to be found. It is true, that where a record has existed and has been destroyed or lost, parol evidence may be admittec* to prove it. But there was no evidence here to prove the existence or loss of a record. The plaintiff wished the Court to presume the record, because, without an order the acknowledgment would not have been received, that is, in other words, to presume that a transaction was right, because it appears to be wrong. After a great length of time records are sometimes presumed, but never after so short a time as this. But the plaintiff attempted to support, this deed in another way. Relinquishing the acknowledgment by sheriff Bonnet, he endeavoured to prove by parol evidence, that the deed had in fact, been acknowledged by M’-Gaughey, and certified by the deputy prothonotary accordingly, but he himself ignorantly supposing^ that this acknowledgment was defective, struck out the name of M'-Gaughey and applied to the Court to order an acknowledgment by Bonnet. Every presumption is to be made against a man who alters his own writings, nor is it conceivable that any one should be silly enough thus to throw difficulties in his own way. Besides, his evidence was far from proving what he asserted. I think, therefore, that the Court of Common Pleas was very right in rejecting the deed.
Another exception was taken to the charge of the Court. The land in dispute was taken in execution as the estate of James Piper deceased. At the time of the levy Piper’s title rested only on a warrant, without survey. The plaintiff contended, that it was an imperfect interest, which might be conveyed without deed, and therefore the title derived .from the sheriff was good, throwing the deed out of the question. But the Court charged the jury, that the estate being land could not pass without deed. It is to be observed, that the warrant described the land with certainty, and the purchase money was paid to the commonwealth. Had there been a survey 'there could have been no question about it, for although then imperfect titles were formerly not esteemed as real estate, yet they were considered as such at the time when this land was sold by the sheriff, (the year 1790,) and long before. I say nothing as to warrants not calling for any specific lands. In this case the land was precisely described, and the sheriff levied on it, held an inquest, and conducted all his proceedings just as- if the title had been perfected by a survey and *57 patent. Under these circumstances, I think the estate could be transferred by the sheriff in no other manner than that prescribed by the act of 1705, that is to say, by deed acknowledged in court.
The plaintiff made one point more; he was in possession of this land before the defendant came into possession, and therefore he supposes he has a right to recover. A naked possession is good title to recover in ejectment against one who puts me out of possession, and can shew no better fitle than mine. But here, besides that it does not appear in what manner the plaintiff went out of possession, the defendant has shewn a better title, viz. a patent.
Those are all the exceptions relied on by the plaintiff in error. In my opinion, not one of them has been supported, and I am, therefore, for affirming the judgment.
Yeates J. absent.
Brackenridge J. concurred.
Judgment affirmed» '